DAVID B. BARLOW, United States Attorney (No. 13117)
JOHN W. HUBER, Assistant United States Attorney (No. 7226)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 20 2012

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:11 CR 60 |
| Plaintiff, : | STATEMENT BY DEFENDANT IN |
| vs. : | ADVANCE OF PLEA OF GUILTY |
| HARVEY DOUGLAS GOFF, JR., : | Judge David O. Nuffer |
| Defendant. : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.  As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me.

The elements of Count 1, Obstruction of Justice, 18 U.S.C. § 1503, are: (1) there was a proceeding pending before a federal court; (2) the defendant knew of the pending judicial proceeding and endeavored to influence, obstruct or impede the due administration of justice in that proceeding; and (3) the defendant knowingly acted with the intent to subvert or undermine the due administration of justice.

2.  I know that the maximum possible penalty provided by law for Count 1, a violation of 18 U.S.C. § 1503, is a term of imprisonment of 10 years, a fine of $250,000, and a term of supervised release of up to 3 years.

I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know

the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to statute.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

      (h) It requires a unanimous verdict of a jury to convict me.

      (i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.     If I plead guilty, I will not have a trial of any kind.

8.     I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.     I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(c)(2) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10.     I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.     I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

      Count 1: Between April and July of 2010, in the Northern Division of the District of Utah, I endeavored to influence, obstruct and impede the due administration of justice in the United States Tax Court. I repeatedly filed false and fictitious forms, known as IRS Form 8300, in a national database. Those filed forms asserted that the judge had provided me with tens of millions of dollars in cash in "suspicious" transactions. I also sent the judge copies of these forms that had been filed. I agree that my conduct violated all the elements that the United States would have to prove at trial pursuant to Title 18, United States Code, Section 1503 (Obstruction of Justice).

12.     The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A.     The defendant agrees:

        (1)     I will plead guilty to Count 1 of the Indictment;

(2)(a) To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution for false statement under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under U.S.S.G. § 3C1.1;

(2)(b) If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.

(3) To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

(4) I understand the amount of restitution may be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664 and that under 18 U.S.C. § 3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

> PLEASE NOTE: As a specific term of this plea agreement I agree and consent that the Court may order me to pay restitution, if there be any, for conduct relating to those counts that are to be dismissed pursuant to this agreement.

(5) I understand and agree that payment of any restitution owed should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay, the failure can be considered a violation of probation or supervised release and pursuant to 18 U.S.C. § 3614, the court can re-sentence me to any sentence which might originally been imposed in my case.

(6)(a) Fully understanding my limited right to appeal my sentence, as referenced above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(6)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in ¶ 6(a) above, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(6)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2);

(6)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, the imposition of imprisonment, fines, supervised release, probation (and any specific terms and conditions thereof), and any orders of restitution;

B.  The United States agrees:

(1)  To move to dismiss Counts 2 – 14 at the time of sentencing, should the defendant comply with his commitments in this plea agreement.

C.  The United States and the Defendant agree:

(1)  Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be thirty-six (36) months imprisonment, and further agree that thirty-six (36) months is a reasonable sentence.

(2)  The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist

        in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3)     If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of thirty-six (36) months will be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, If the Court rejects the plea agreement and determines that the sentence should be less than thirty-six (36) months, the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

(4)     The Defendant and the United States agree that all other sentence provisions (e.g. supervised release, restitution, assessments, etc.) will be imposed in accordance with applicable law.

               \*     \*     \*     \*

I make the following representations to the Court:

1. I am __55__ years of age. My education consists of __B.A._____. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __20th__ day of __December__, __2012__.

_____
Harvey Douglas Goff, Jr.
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 20th day of December, 2012.

_____
Edwin S. Wall
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 20 day of DEC, 2012.

DAVID B. BARLOW
United States Attorney

_____
JOHN W. HUBER
Assistant United States Attorney